#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | |
|---|---|
| Brian L. Glidden, ) | Civil Action No. 2:20-cv-2506-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Ted Smith and Scarlett Wilson, ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court upon the Report and Recommendation ("R &R") of the Magistrate Judge recommending the Court summarily dismiss Plaintiff's complaint for failure to state a claim. (Dkt. Nos. 13). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

### I. Background

On July 1, 2020, Plaintiff filed a Complaint *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915, alleging his constitutional rights were violated by Defendants Ted Smith and Scarlett Wilson (Dkt. No. 1). Plaintiff is a detainee at the Al Cannon Detention Center with several pending criminal charges before the Charleston County General Sessions Court. Plaintiff was arrested on or around June 28, 2019 for sexual exploitation of a minor in both the second and third degree. (Dkt. No. 1-1 at 1-2). Plaintiff alleges that following his arrest, his public defender Ted Smith conspired with Solicitor Scarlett Wilson and violated Plaintiff's constitutional right to due process and a speedy trial by failing to properly indict him pursuant to S.C. Code Ann. § 17-23-90. (*Id.* at 2-3). Plaintiff alleges Defendant Smith conspired with the state by allowing Plaintiff's claims to go "un-indicted" and for failure to move for dismissal. (Dkt. No. 12 at 5-6; 14-15).

1

On August 19, 2020, the Magistrate Judge issued an Order notifying Plaintiff that his pleading was subject to summary dismissal for failure to state a claim. (Dkt. No. 6). The Magistrate Judge gave Plaintiff an opportunity to cure the deficiencies in his pleading by filing an Amended Complaint. (*Id.*). Around this time, Plaintiff filed another civil action against Defendants Wilson and Smith involving the same claims and generally the same set of facts.[1] On October 22, 2020, the Magistrate Judge issued an Order pursuant to Federal Rule of Civil Procedure 42(a)(2), consolidating Plaintiff's two actions under 2:20-cv-02506-RMG-MGB. (Dkt. No. 10). The Magistrate Judge gave Plaintiff an additional opportunity to file an Amended Complaint to fix the pleading deficiencies identified. (*Id.*). The Magistrate Judge explained that Plaintiff's failure to do so within twenty-one days would result in summary dismissal of the case. (*Id.*). Plaintiff to date has not filed an amended pleading. On August 5, 2021, the Magistrate Judge issued an R & R recommending the Court dismiss the Complaint for failure to state a claim. (Dkt. No. 13). Plaintiff has not filed objections. The matter is ripe for the Court's adjudication.

**II.     Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear

---

[1] The civil action number of Plaintiff's separate civil action against Defendants Wilson and Smith is: 2:20-cv-2973-RMG-MGB.

error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Defendant has not filed objections in this case and the R & R is reviewed for clear error.

While this Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez,* 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Allison v. Kyle,* 66 F.3d 71 (5th Cir.1995). Further, while this Court is required to liberally construe *pro se* documents, *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), this mandated liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir.1990).

**III.    Discussion**

Upon a careful review of the Complaint and the R & R, the Court finds that the Magistrate Judge comprehensively analyzed the issues to determine that Plaintiff's Complaint should be dismissed for failure to state a claim of relief pursuant to 42 U.S.C. § 1983. Plaintiff, a detainee at the Al Cannon Detention Center, seeks for the Court to vacate the criminal charges against him and release him from the detention center. (DKt. NO. 1 at 6; DKt. No. 1-1; DKt. No. 12 at 6).

The Magistrate Judge correctly determined that Plaintiff's claims are barred by the Younger Abstention doctrine. In *Younger v. Harris*, the United States Supreme Court articulated a strong policy against federal court interference with any pending state judicial proceeding unless extraordinary circumstances so warrant. 401 U.S. 37, 43, 45 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Younger and its progeny have set forth a three-prong test to determine that abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin v. Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

The Magistrate Judge correctly determined that all three elements of the *Younger* abstention test have been met in this case. The first prong of the abstention test if satisfied because the Plaintiff is currently involved in ongoing criminal state proceedings. Boyd v. South Carolina, No.

4

1:11-cv-02981-TMC-SVH, 2012 WL 786341, at * 2 (D.S.C. Feb. 10, 2012.[2] The second prong of the abstention test is met because the proceedings implicate important state interests. A state's interest in "administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third prong of the abstention test if met because Plaintiff has an adequate opportunity to raise federal claims in the state proceedings as he can address his claims in his pending criminal proceedings. *Gilliam*, 75 F.3d at 903 (noting that "ordinarily, a pending state prosecution provided the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). As Plaintiff's case meets all three criteria for abstention pursuant to the Younger doctrine, federal relief is only available if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).

The Magistrate Judge correctly determined that Plaintiff has not shown the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. (Dkt. No. 13 at 5). When analyzing whether "special circumstances" exist, the Court looks to whether procedures exist that would protect a plaintiff's constitutional rights without pretrial intervention. If a threat to the plaintiff's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-02846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020).[3] Where the right may be adequately preserved by orderly post-trial relief, special circumstances are nonexistent. *Id*. As such a federal court should generally abstain from

---

[2] *Adopted by*, 2012 WL 786356 (D.S.C. Mar. 9, 2012).
[3] *Adopted by* 2020 WL 6110960 (D.S.C. Oct. 16, 2020).

considering a speedy trial claim at the pretrial stage because such concerns can be raised at trial and on direct appeal. *Id*.

Plaintiff's claims do not present a case where exceptional circumstances exist. Thus, it is appropriate for the Court to dismiss plaintiff's claims seeking speedy trial pursuant to S.C. Code §17-23-90 based on the *Younger* abstention doctrine. *Tyler v. South Carolina*, No. 9;12-cv-260-RMG-BM, 2012 WL 988601, at * 3 (D.S.C. Feb. 22, 2012, *adopted by* 2012 WL988596 (D.S.C. Mar. 22, 2012).[4]

IV. **Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 13). Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service or process. **AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

August 23, 2021<br>
Charleston, South Carolina

---

[4] The Magistrate Judge conducted a thorough analysis of Plaintiff's claims, further finding several alternative grounds to dismiss Plaintiff' Complaint; (1) release from jail is not a proper remedy in a civil rights case, rather such relief may only be south in a habeas corpus action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); (2) Defendants Smith and Wilson are not liable pursuant to 42 U.S.C. § 1983; and (3) the Court lacks subject matter jurisdiction over Plaintiff's remaining claims. (Dkt. No. 13 at 6-10). The Court has conducted a review of the Magistrate Judge's alternative findings and agrees with the analysis of the Magistrate Judge as to these points.